```
           UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

 ERNEST GROFF,                    :
                                  :
             Petitioner           :
                                  :    CIVIL NO. 1:CV-05-0496
       vs.                        :
                                  :    (Judge Caldwell)
 GERALD ROZUM, et al.,            :
                                  :
             Respondents          :
                                  :
```

*M E M O R A N D U M*

*I.   Introduction.*

We are considering whether Ernest Groff's petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed as untimely under the one-year statute of limitations for filing 2254 petitions. We raised the issue sua sponte and gave Petitioner an opportunity to respond. For the following reasons, the petition will be dismissed as untimely.

II.   *Background.*

On December 27, 2000, Groff pled guilty to various drug offenses in the Court of Common Pleas of Lebanon County, Pennsylvania. On March 28, 2001, he was sentenced to seven to eighteen years of imprisonment. Groff did not file a direct appeal.

On April 4, 2002, he filed a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"). *See* 42 Pa. C.S.A §§ 9541-9546. On April 30, 2003, the trial court denied the PCRA petition. On June 9, 2004, the Superior Court of Pennsylvania affirmed the trial court's denial. On November 30, 2004, the Pennsylvania Supreme Court denied Groff's petition for allowance of appeal. Groff did not seek certiorari review from the United States Supreme Court.

On March 9, 2005, Groff filed his 2254 petition. On May 25, 2005, Respondents filed a response. The response did not raise the statute of limitations as a defense. On June 10, 2005, Petitioner filed a "Motion to find Respondent in Contempt of Court and for Speedy Disposition of his Habeas Petition." While reviewing the file in connection with this motion, it appeared that the petition was untimely, using the following analysis appearing in our memorandum of June 17, 2005.

There is a one-year statute of limitations for filing a 2254 petition. 28 U.S.C. § 2244(d)(1). As relevant to Groff's case, the limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A).

Groff did not file a direct appeal. We concluded that his conviction became final on April 30, 2001, the day we

2

decided was the last day of the time period for filing a direct appeal with the Superior Court.[1]  Thus, the limitations period for filing a 2254 petition commenced on April 30, 2001, giving Petitioner until April 30, 2002, to file his federal petition, absent statutory or equitable tolling of the period.

      28 U.S.C. § 2244(d)(2) allows tolling for the period of time "during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Groff filed his PCRA petition on April 4, 2002, thereby tolling the statute, but only after about 338 days of the limitations period had run, thus leaving him only about twenty-six days within which to file a 2254 petition upon the conclusion of his state postconviction efforts.  On November 30, 2004, the Pennsylvania Supreme Court

---

[1] In Pennsylvania, a criminal defendant has thirty days from the date of his sentence to file a direct appeal with the superior court.  *See* Pa. R. Crim. P. 720(a)(3).  As we calculated it in Groff's case, the thirtieth day fell on a Saturday, giving him until the following Monday, April 30, 2001, to file an appeal.  *See* Pa. R. Crim. P. 101(C); 1 Pa. C.S. § 1908 (computation of the last day of a time period excludes Saturday, Sunday, and federal and state holidays); *see also Commonwealth v. Baker*, 547 Pa. 214, 221 690 A.2d 164, 167 (1997)("the Rules of Criminal Procedure are to be construed in accordance with the rules of statutory construction"); *Commonwealth v. Green*, 862 A.2d 613, 617-18 (Pa. Super. 2004)(en banc).

    Actually, the deadline for filing an appeal was Thursday, April 27, 2001, thereby obviating the need to exclude the weekend, but since our error favored Petitioner by a few days, there is no need to recalculate the limitations deadline.

3

denied Groff's petition for allowance of appeal. The one-year limitations period began running again on that date,[2] which meant that Groff had until about December 27, 2004, to file his 2254 petition.[3] However, Groff did not commence the instant proceedings until March 9, 2005, more than two months after the expiration of the statute of limitations, thus making his 2254 petition untimely.

Under *United States v. Bendolph*, 409 F.3d 155, 157-58 (3d Cir. 2005) (en banc), *petition for cert. filed*, 74 U.S.L.W. 3025 (June 24, 2005)(No. 05-3), we have the authority to deny a 2254 petition by raising the statute of limitations sua sponte even after we have ordered the respondent to file an answer. We may do so as long as the petitioner is given notice of the court's intent to deny the petition on limitations grounds and an opportunity to respond to the court's analysis. The court

---

[2] For state postconviction proceedings, the period is not tolled for the ninety days that a state defendant has to apply for certiorari from the Pennsylvania Supreme Court's denial of review. *See LaCava v. Kyler*, 398 F.3d 271, 274 (3d Cir. 2005), citing *Stokes v. District Attorney*, 247 F.3d 539, 542 (3d Cir. 2001).

[3] The last day of the twenty-six days remaining on the limitations period was a Sunday, so Groff had until Monday, December 27, 2004, to file his 2254 petition. *See* Fed. R. Civ. P. 6(a); *see also United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)(Rule 6(a) applies to the calculation of the one-year limitations period for 2254 petitions and 28 U.S.C. § 2255 motions). As we noted in footnote 2 our calculation was slightly off, but it favored Petitioner, so there is no need to establish the exact date.

4

must also consider whether the petitioner has been prejudiced when the defense was not raised in the answer.

In an order of June 17, 2005, we gave Petitioner an opportunity to show why his petition should not be dismissed as untimely and to address any prejudice from our post-answer raising of the limitations defense. We can thus turn to an analysis of the timeliness of his petition.

III. *Discussion*.

In response to our order, Groff makes three arguments against dismissal. First, the court lost its authority to raise the limitations issue sua sponte after it exercised its discretion under Rule 4 of the Rules governing 2254 petitions to require Respondents to file an answer, rather than summarily dismiss the petition upon initial review on limitations grounds.[4] Second, Respondents waived the limitations defense when they did not raise it in their answer. Third, Petitioner is entitled to equitable tolling on the following grounds: (1) Petitioner is seeking equitable restoration of his direct appeal

---

[4] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, captioned "Preliminary Consideration By the Judge," requires that a district court conduct a preliminary review of the petition, dismiss it if it "plainly appears" that the petitioner is not entitled to relief, but otherwise require the respondent to file an answer or other response.

5

rights so the doctrine of laches should apply, not the statute of limitations; (2) given that he is unschooled in the law, Petitioner exercised reasonable diligence in filing his 2254 petition within about three months of the Pennsylvania Supreme Court's denial of his appeal in his postconviction proceedings; (3) Petitioner also reasonably relied on Third Circuit law, along with the law of other circuits, which tolls the ninety-day period for seeking certiorari in direct-appeal proceedings; (4) the Third Circuit has issued inconsistent opinions on whether the limitations period is tolled during the ninety-day period for seeking certiorari in state postconviction proceedings; and (5) in Petitioner's case, he should not be forced to choose between seeking review in the United States Supreme Court from the state supreme court's refusal to consider his postconviction claims or file a 2254 petition because the deadline for filing a 2254 petition would have expired before the Supreme Court would have acted on any certiorari petition.

       Petitioner's arguments that our authority to raise the limitations issue sua sponte expired after we ordered that an answer be filed and that Respondents waived the limitations defense were rejected in *Bendolph*. His citation to *Scott v. Collins,* 286 F.3d 923 (6th Cir. 2002), is irrelevant, given the Third Circuit law on these issues.

6

We find his equitable-tolling arguments also without merit. Equitable tolling is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See LaCava v. Kyler,* 398 F.3d 271, 274-275 (3d Cir. 2005). Petitioner's arguments for equitable tolling fail to meet this standard.[5]

First, even if Petitioner is claiming he was denied his direct-appeal rights, the timeliness of that claim is subject to the statute of limitations for his 2254 petition, not the doctrine of laches. Second, Petitioner's being unschooled in the law does not excuse failing to meet the limitations deadline. *See Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002) (petitioner's pro se status does not excuse untimely filing of 2254 petition); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)(same); *cf. Hull v. Freeman*, 991 F.2d 86, 91 (3d Cir. 1993) (petitioner's illiteracy was not cause to excuse state-court procedural default). Third, Petitioner could not have reasonably relied on the law of the Third Circuit, along with the law of other circuits, that tolled the ninety-day period for seeking certiorari in direct-appeal proceedings when *Stokes v. District Attorney*, 247 F.3d 539 (3d Cir. 2001), decided April

---

[5] Equitable tolling is available in three circumstances: "if (1) the defendant has actively mislead the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

17, 2001, about three weeks before he was sentenced, established that the ninety-day certiorari-application period in postconviction proceedings does not toll the limitations period. Fourth, while *Harris v. Vaughn*, 129 Fed. Appx. 684, 686 (3d Cir. 2005)(nonprecedential), may be inconsistent with *Stokes*, it was decided on April 12, 2005, more than three months after the limitations period expired on or about December 27, 2004.  Thus, it could not have misled Petitioner.  Additionally, it was marked "Not Precedential" by the court of appeals, meaning that it was not intended for the guidance of anyone except the parties to that case.  Finally, Petitioner was not forced to choose between seeking review in the United States Supreme Court from the state supreme court's refusal to consider his postconviction claims and filing a 2254 petition.  He could have done both while asking the district court to stay the 2254 petition until the Supreme Court ruled on his certiorari petition.  *See Miller v. Dragovich*, 311 F.3d 574, 580-81 (3d Cir. 2002).

As we acted on our own initiative in raising the limitations defense after Respondents filed their answer, *Bendolph*, *supra*, requires us to examine whether Groff was prejudiced by our decision.  The prejudice analysis is threefold.  First, we must consider "how late in the case the limitations issue was raised."  *Id*. at 168.  A little over three

8

months elapsed since the filing of the petition to the issuance of our June 17, 2005, order raising the matter. This interval is too short to have prejudiced Groff, and we also note that nothing of significance took place during this time. Second, the court must determine if Groff had sufficient opportunity to respond to the issue once raised. *Id*. at 169. The court granted Groff twenty days from the June 17, 2005, order to respond. Groff filed his response on July 5, 2005, and then supplemented it on July 13, 2005. Both responses were considered by the court. Finally, we must determine if the government acted in bad faith in regard to how the limitations defense was raised. *Id.* There is no evidence that the government acted in bad faith.

IV. *Conclusion*.

We will issue an order denying Groff's § 2254 petition as untimely. We will also deny a certificate of appealability, based on the above analysis. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the

court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge

Date: August 10, 2005

```
            UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA
```

ERNEST GROFF,                           :
                                        :
            Petitioner                  :
                                        :   CIVIL NO. 1:CV-05-0496
      vs.                               :
                                        :   (Judge Caldwell)
GERALD ROZUM, *et al.*,                 :
                                        :
            Respondents                 :
                                        :

*O R D E R*

AND NOW, this 10th day of August, 2005, it is ordered that:

   1. The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 is denied as untimely.

   2. A certificate of appealability is denied.

   3. The Clerk of Court is directed to close this case.

/s/William W. Caldwell
William W. Caldwell
United States District Judge